JOHN P. DAVIDSON ET AL. v. SARAH SENIOR ET AL.

No. 195.

**1. Transfer of Certificate—Instrument Construed a Conveyance and not a Power of Attorney.**—An instrument dated September 12, 1838 (set out in full in the opinion), which recites that it was executed for valuable consideration, and authorizes the grantee, as attorney for the maker, to procure the patent to be issued on a certain headright certificate for land, either in the attorney's own name, or name of any other person or persons whatsoever, is on its face a conveyance, and not merely a power of attorney; and in the absence of evidence to the contrary, the court should have so charged the jury.

**2. Same—Evidence not Warranting any Other Construction.**—See the opinion for evidence held insufficient to warrant the court in submitting to the jury the question as to whether such instrument was intended as only a power of attorney.

**3. Evidence—Proof of Heirship by Recitals in Deeds.**—Where, in trespass to try title, the defendants claim under a deed made by virtue of a power of attorney of recent date, executed by the heirs of T., and there is no proof of the death of T., nor of his heirship, except recitals in the power of attorney, such recitals are not admissible in evidence to establish these facts.

**4. Outstanding Title.**—In trespass to try title, an outstanding equity with which defendant is not connected, such as a transfer of the certificate to a third party before the issuance of patent, can not be interposed as a defense against the legal title.

ERROR from Archer. Tried below before Hon. P. M. STINE.

*Ingraham, Ratcliff & Ingraham*, for plaintiffs in error.— 1. An instrument in writing, purporting upon its face to be executed for a valuable consideration, and authorizing the grantee to procure the patent for land mentioned therein in his own name, or in the name or names of any other persons whatsoever, is a sale, and the court should have so charged the jury. Cook v. Lindsay, 57 Texas, 67; Martin v. Parker, 26 Texas, 260; Ryan v. Jackson, 11 Texas, 401; Brown v. Simpson's Heirs, 67 Texas, 225.

2. Hearsay is competent evidence to prove pedigree, relationship, marriage, and death, and recitals in deeds prove such facts, even against strangers. 1 Sayles' Civ. Stats., 717, rule 35, and authorities cited; Chamblee v. Tarbox, 27 Texas, 139; 1 Greenl. on Ev., sec. 104.

3. The instrument executed by Simon Schloss on September 12, 1838, was a transfer of the M. Galan certificate, and as such was an outstanding legal title against plaintiffs; and judgment should have been for all of the defendants, because an outstanding legal title is a valid defense in a suit of trespass to try title, whether defendant is connected with it or not. Cook. v. Lindsay, 57 Texas, 67; Martin v. Parker, 26 Texas, 260; Ryan v. Jackson, 11 Texas, 401; Capt v. Stubbs, 68 Texas, 222; Fitch v. Boyer, 51 Texas, 336; Johnson v. Timmons, 50 Texas, 521; Shields v.

Hunt, 45 Texas, 424; Capp v. Terry, 75 Texas, 391; Adams v. House, 61 Texas, 639.

*F. E. Dycus*, for defendants in error.—1. An instrument in writing which is in the form of a power of attorney, and authorizes the donee to procure patent upon a land certificate, which does not in terms convey the land certificate, and under which the donee in the power of attorney has asserted no rights, nor claimed to own the certificate, can not be construed as a sale after the lapse of forty years; and the court properly submitted to the jury whether or not it was ever intended by the parties to it as a conveyance.   Cox v. Bray, 28 Texas, 247; Hammond v. Hough, 52 Texas, 63; Taylor v. McNutt, 58 Texas, 71; Grimes v. Watkins, 59 Texas, 133; Frost v. Wolf, 77 Texas, 455.

2. A mere recital in a deed, that certain persons who are grantors therein are the heirs at law of another, who is alleged therein to be dead, is no evidence that they are heirs, nor is it evidence of the death of the person through whom they claim, unless long and peaceable possession is held under the deed.   Johns v. Northcutt, 49 Texas, 444; 1 Greenl. Ev., sec. 103.

3. An outstanding equitable title can not be shown to defeat the legal title in the plaintiff, unless the defendant can connect himself with the outstanding title.   Fitch v. Boyer, 51 Texas, 336; Tapp v. Corey, 64 Texas, 594; Johnson v. Timmons, 50 Texas, 521.

HEAD, ASSOCIATE JUSTICE.—The land in controversy was patented May 15, 1856, to Simon Schloss, assignee of Miguel Galan, and defendants in error claim as his heirs, while plaintiffs in error claim under the following instrument executed by him:

"*Republic of Texas, County of Nacogdoches*.—Be it known, that on the 12th day of September, one thousand eight hundred and thirty-eight, and of the independence of Texas the third, I, Simon Schloss, of the county aforesaid, in and for a valuable consideration to me in hand paid, have nominated, constituted, and appointed Auguste Adolphe Cardett, also of said county, a substitute as attorney under me, to apply for and obtain a patent or title from the Commissioner General of the Land Office to one league and labor of land, which Miguel Galan obtained through his assignees, William Dankworth and George Bondies, on the 6th day of February, 1838, from the Board of Land Commissioners in and for said county, and which said certificate was transferred by said assignees to said Simon Schloss on the 31st day of August, 1838.   Wherefore the said Auguste Adolphe Cardett is hereby authorized to obtain patent in his own name, or in the name or names of any other person or persons whatsoever, if the law will so allow, and generally to do all and everything necessary

to be done in the premises; and I, the said Simon Schloss, do hereby declare the same to be legal and binding on me as though done by myself in my own proper person.

"In testimony whereof, I have hereunto set my hand and seal, the day and date as aforesaid.

"S. SCHLOSS." [SEAL]

The court below submitted to the jury to decide, under all the evidence, whether it was the intention of Schloss by this instrument to convey the certificate to Cardett as his own property, or whether it was only to have the effect of an ordinary power of attorney. The evidence showed that a part of this certificate (3342 acres) had been located in Nacogdoches County previous to the execution of this instrument, and only four days before its execution Schloss had conveyed said land by separate deed to Cardett.

Cardett died in 1850, and Schloss in 1855. Neither is shown to have exercised any act of ownership over the unlocated part of the certificate by virtue of which the land in controversy was patented, from the date of the above instrument until his death. It is not shown by the record who made the location and procured the patent to this land.

The administrator of Cardett made the sale under which plaintiff in error claimed only a short time after his death. Neither Schloss in his lifetime, nor defendants in error as his heirs, are shown to have asserted any claim to this land until about the time of the institution of this suit, a period of over fifty years from the date of the instrument in question.

In this state of the evidence, we believe the court should have instructed the jury, that the instrument executed by Schloss to Cardett, September 12, 1838, was a conveyance, and to find for those of the plaintiffs in error who had connected themselves therewith. We do not hold that a state of facts could not have been shown that would have made it proper for the court to have submitted to the jury to decide whether said instrument should have the effect of a conveyance or power of attorney, as was done; but we do hold, that upon its face, without the aid of extrinsic evidence, it should be construed as a conveyance, and there was not sufficient evidence introduced upon this trial to authorize the jury to change this construction.

This instrument recites that it was executed for a valuable consideration, and authorizes the grantee to procure the patent, either in his own name, or in the name or names of any other person or persons whatsoever; and when we take into consideration, as stated in Cox v. Bray, 28 Texas, 260, "the well known fact, that this course was frequently pursued in transactions of this kind at that day," and was regarded as the only effectual conveyance that could be made of some titles but a few years previous, we think there can be little question that it was the intention of Schloss to pass the

title to this certificate to Cardett   Similar instruments have been so construed more than once.   Cooke v. Lindsay, 57 Texas, 67; Brown v. Simpson, 67 Texas, 225.

A part of the land passed by successive transfers from Cardett to one Henry Teutsch; and A. Teutsch and others executed a power of attorney to Asa Moore, James Steen, and D. M. Pate, reciting that the makers of the power were the sole and only heirs at law of Henry and Lavinia Teutsch, deceased, and directing the appointees to partition all the land belonging to said estate between the heirs; and plaintiffs in error Z. T. and Martha E. Mast claim under a deed made by these attorneys.   They also joined in executing the power.   There was no evidence of the death of Henry Teutsch, nor as to heirship under him, other than the recitals in this power, which the court held not admissible.   We think this was correct.   While it is well established, that hearsay evidence, under certain restrictions, is admissible to prove pedigree, including death and heirship (Louder v. Schluter, 78 Texas, 103; Chamblee v. Tarbox, 27 Texas, 140), and that recitals in deeds and other instruments, where the proper predicate is laid, are admitted for this purpose (1 Greenleaf on Evidence, 103, 104; Chamblee v. Tarbox, supra), yet this is usually restricted to cases where the maker of the deed is dead, or his evidence, for some other reason, can not be obtained, and he is shown by other evidence to have sustained such relation to the person about whom he makes the declaration as would entitle his statement to be received in evidence under the well settled rules of law.   Johns v. Northcutt, 49 Texas, 455. In this case no predicate whatever was attempted to be laid for the introduction of these recitals, and the power was of an entirely too recent date to make them admissible on account of its age alone, if this would ever be sufficient.   That it was necessary for these plaintiffs in error to show the death of Henry Teutsch and their heirship under him in some way, in order to connect their title with the transfer to Cardett, there can be no question.   Pratt v. Jones, 64 Texas, 694.

Plaintiffs in error Mast also contend, that even though they failed to show that they claim under Cardett, yet they could urge the conveyance from Schloss to him in defense as an outstanding title; but we think this can not be sustained.   The conveyance from Schloss to Cardett was only of the certificate.   The legal title was afterwards vested in Schloss by the issuance of the patent in his name.   That an outstanding equity can not be successfully interposed in defense to the legal title, is well settled. Gullett v. O'Connor, 54 Texas, 408; Shields v. Hunt, 45 Texas, 424.

The other assignments need not be considered.

We might be authorized to reverse the judgment as to those of the plaintiffs in error who connect themselves with the Cardett transfer, and affirm as to the others, but it may be that upon another trial Mrs. Mast will be

able to show her title under Henry Teutsch, and we think it will conduce more to the ends of justice to give her an opportunity to do this by re-manding the entire case, and it is so ordered.

*Reversed and remanded.*

Delivered June 28, 1893.