E. L. ANGIER v. C. W. BOCOCK ET AL.

Decided May 30, 1904.

**Power of Attorney—Intention of Parties.**

Although an instrument recited a valuable consideration, transferred all power on the part of the owner of land to his attorney and declared that such power was irrevocable, nevertheless such instrument is held to be a mere power of attorney and not an absolute conveyance where the acts of the attorney, the grantor and those who purchased from the grantor with full knowledge of the existence of such instrument indicate that they so regarded it.

Appeal from the District Court of Harris. Tried below before Hon. Norman G. Kittrell.

*McKinney & Hill,* for appellant.

*A. C. Allen, C. W. Bocock, Lovejoy & Malevinsky, D. B. Chapin,* and *R. R. Hazlewood,* for appellees.

GILL, ASSOCIATE JUSTICE.—This is an action of trespass to try title brought by the appellees against appellant for the recovery of certain lands.

The defendant answered "not guilty" and pleaded outstanding title in Andrew Dexter. Trial was had to the court without a jury and judgment was for plaintiffs. The facts which are undisputed may be briefly stated as follows:

In 1831 Guardiano Badillo, a citizen of Mexico, secured from the Government a concession for eleven leagues of land in Texas. On August 28, 1832, Badillo executed in due form the following instrument:

"At the town of Nacogdoches, the twenty-eighth day of this month of August, eighteen hundred and thirty-two, before me, citizen Jose Marion Mora, sole alcalde of the said village, and instrumental witnesses to be named at the foot hereof, besides my assisting witnesses with whom I act by delegation in default of a notary according to law, appeared Citizen Gordiano Badillo of the same village, in his own person whom I certify to know, and he said; That, in consideration of a certain quantity paid by Andrew Dexter, one of the colonists compromised in the colonization contract of Citizen Stephen F. Austin, as appears from the document which I certify to have seen and returned with expression that the said quantity is acknowledged and for other good causes and considerations, the said Gordiano Badillo by these presents declare and acknowledges that he gives and confers all his power, as ample, full and sufficient as the law requires, and as a valid as it may and must be, unto and upon Mr. Andrew Dexter, above named, especially in representation and exercise of the rights and interest pertaining to the grantor, to solicit, demand and obtain possession of and titles to eleven leagues of land acquired by him from the

supreme government of the State, by way of purchase, as is evidenced by the document of concession bearing date the eleventh of March, year last past, eighteen hundred and thirty-one, which I certify to have seen and returned to the party interested, in only that, in the exercise of the rights given to the grantor in said document, he may select the said eleven leagues of land all untifed or separate, in such locality or location as may suit him best, provided that they be entirely vacant and not be included in the territories reserved by the commissioners of the supreme general government, as is specified in the concession, in the name of the grantor to sell the whole or part thereof, to any person for such price as he may deem advantageous, making contracts according to the requirements of law; in the name of the grantor, to do what the latter might do were he present, inasmuch as for everything aforesaid and thereto annexed in extent and poraining, he gives and confers unto and upon him the most ample and extensive power, without limitation whatsoever, and so that the absence of any clause or requisite not herein expressed, shall not prevent this power of attorney to have all the effects for which it is intended, for whatever it may be he acknowledges it as herein inserted, as if it were literally written; in order that he may select and appoint one or more substitutes, remove them and appoint again, with free, full and general administration, for he releases all of them so far as the law permits; and to this standing and abiding by whatever may be done by virtue of this power of attorney by the attorney Andrew Dexter, or his substitutes, he obligates his person and property had and to be had in due form, and he waives the laws in his favor, declaring this power to be irrevocable, on the penalty of paying to the attorney of this substitutes all the costs, prejudices and damages caused to them. In testimony whereof, he executed this and drew his sign of the cross, not known how to sign, being instrumental witnesses, citizens Antonio Nenchace, Martin Ylarbo and Luis Soracela, present and with me and my assisting witnesses in the form above expressed, which I certify. Sign of the cross of Goridana Badillo. Jose Marion Mora. Assisting Adolph Stern. Assisting Juan Arriola."

Proceeding thereunder Dexter acting as attorney in fact for Badillo, had title extended in the name of Dexter as attorney in fact for Badillo, and the land was duly surveyed. This occurred in November, 1832. Two of the leagues above mentioned are situated in Walker County and are the subject of this litigation. On the 9th day of February, 1835, Badillo for a paid consideration of $500 sold and conveyed to Sterne & Roberts his entire eleven leagues, the vendees obligating themselves to make payment to the government.

Sterne & Roberts on the 28th day of February, 1835, sold and conveyed to A. C. and J. K. Allen nine of the eleven leagues bought from Badillo. A. C. and J. K. Allen paid taxes on the land in 1839.

Neither Dexter nor anyone for him has ever laid claim to these

lands nor done any act inconsistent with his power and authority as attorney in fact for Badillo, acting for him and in his name.

It is agreed that the plaintiffs are the owners of whatever interest in the land in controversy was acquired by A. C. and J. K. Allen from Sterne & Roberts.

Defendant claims the land under one Johnson, whose junior survey conflicts with the land in controversy to the extent of 500 acres. It is agreed he owns the interest held by Johnson.

Appellant seeks a reversal of the judgment upon two propositions:

First. That the instrument termed a power of attorney was in fact a deed, and the title to all the lands extended under the Badillo concession is outstanding in Andrew Dexter.

Second. That the description in the deed from Sterne & Roberts does not include the two leagues in controversy.

Appellant insists that the power of attorney set out above is not to be distinguished from the instrument construed in Manchaca v. Field, 62 Texas, 235, in which by reason of the recital of a consideration and the surrender of all power and authority over the land it was held to be a conveyance of title. In Manchaca's case, supra, and the cases therein cited in support of the rule announced the instrument was held to be a deed by construction. In none of the cases announcing that doctrine were such instruments conclusively presumed to be deeds by sheer force of their recitals. The intention of the parties is to be ascertained by the application of the usual rules of construction. Ordinarily the recital of a valuable consideration, the transfer of all power on the part of the grantor and that the power is irrevocable, are inconsistent with a mere power, but it does not follow that they are conclusive over other recitals consistent with the declared nature of the instrument, especially when the attendant circumstances and subsequent acts of the parties point to a different intention.

It is to be observed that the instrument in question authorizes the attorney in fact to act in the name of the grantor. The latter was careful to require that the locations should be upon lands subject thereto, a matter in which he would have had no interest if it had been his purpose to part with his concession absolutely.

The recital of consideration is vague and general, and in a contest between the grantor and Dexter would have been subject to explanation and dispute. The language used leaves it open to doubt whether the recital of a consideration was not merely formal.

The subsequent acts of the parties and the construction placed on the instrument by them, which is ever accorded great weight in the construction of instruments, renders it almost certain that there was no purpose to execute a deed.

The acts of Dexter pointing in this direction are, first, the fact that in all his acts under the power of attorney he acted in the name of Badillo, asserting no ownership in himself. The titles were at his

instance extended to him as attorney in fact for Badillo. Dexter died without asserting any right inconsistent with the declared nature of the instrument, and the most thorough and exhaustive investigation has failed to disclose that his heirs or anyone claiming under him have, during the seventy-five years which have elapsed since then, set up any claim to the land.

On the other hand, Badillo's subsequent conduct forbids the construction contended for by appellant.

On November 16, 1832, application was made to the alcalde to have the land surveyed and title extended. This application was witnessed by Adolphus Sterne, who subsequently purchased from Badillo. In the extension of the title to the six leagues in November, 1832, Sterne acted as alcalde ad interim.

Each of the extensions recite among other things, "Citizen Gordiano Badillo having empowered Andrew Dexter in his name to solicit and obtain formal possession of and title for eleven leagues of land as is evidenced by special power of attorney attached to these proceedings."

February 9, 1835 (less than three years later), Sterne & Roberts bought of Badillo the lands in question by an instrument bearing every mark of a conveyance as distinguished from a power of attorney. On the 28th of the same month Sterne & Roberts sold to A. C. and J. K. Allen by a conveyance equally unambiguous. These unequivocal conveyances executed so nearly contemporaneous with the instrument under construction accentuate the fact that the distinction between a deed and a power of attorney was well understood by them at that time. Badillo's assertion of ownership and sale of the property so soon after Dexter's performance of his duties under the power of attorney conclusively shows what construction he placed on the instrument. Sterne, who as subscribing witness to the application for survey and extension, and who in the same month acted as alcalde ad interim in the extension of title, showed his faith in Badillo's construction by purchasing for value from Badillo in less than three years thereafter. In addition to all this these instruments of sale imposed on the grantees the duty to pay the government dues, whereas the power of attorney imposed no such obligation on Dexter.

In Davidson v. Senior, 3 Texas Civ. App., 547, 23 S. W. Rep., 24, Justice Head, speaking for the court in construing a somewhat similar instrument, said: "We do not hold that a state of facts could not have been shown which would have made it proper for the court to have submitted to the jury to decide whether such instrument should have the effect of a conveyance or power of attorney, but we do hold upon its face without the aid of extrinsic evidence it should be construed as a conveyance." In that case the extrinsic evidence, instead of supporting the contention that the instrument was simply a power of attorney, conclusively showed that it was intended as a conveyance.

Under the facts recited we are of opinion the trial court was justified in construing the instrument in question as a power of attorney rather than a conveyance.

The point made against the description is not well taken. We find no error in the judgment.

*Affirmed.*

Writ of error refused.