NAYLOR & JONES ET AL. V. E. C. FOSTER ET AL.

Decided January 2, 1907.

**1.—Conveyance by Cotenants—Ouster—Limitation.**

Where a part of a number of cotenants execute a deed to the entire prop-
erty such act amounts to a repudiation of the tenancy, and the purchaser taking
possession holds adversely to the other cotenants; and this will be the effect
even though said deed recites the existence of the other joint owners.

Appeal from the District Court of La Salle County. Tried below
before Hon. J. F. Mullally.

*H. C. Lane* and *Ball & Ingrum,* for appellants.—The judgment of
the trial court in favor of the plaintiff (appellee), John C. Foster,
is contrary to, and wholly unsupported by, the evidence and agree-
ment of counsel, in that and because, the agreement of counsel, testi-
mony of A. J. Dull and deeds introduced in evidence show beyond
controversy that the cause of action and right to recover of John C.
Foster, as well as the other plaintiffs, was barred by the statutes of
limitation of 3, 5, and 10 years, said agreement, testimony and deeds
showing conclusively and without controversy that the defendants (ap-
pellants), B. L. Naylor and A. H. Jones, and their vendors, J. J. and
A. J. Dull, had been in the peaceable, open, adverse, exclusive and con-

tinuous possession of all the land in controversy, cultivating, using and enjoying the same under title or color of title by regular chain of transfers from and under the sovereignty of the soil and claiming under deed or deeds duly recorded and registered in the deed records of La Salle County, Texas, since December, 1881, and paying all taxes thereon currently as the same accrued; and that the said A. J. and J. J. Dull during their occupancy had open, exclusive and adverse possession of the land as above stated, from 1881 to 1901, and had not recognized the title of said John C. Foster or any of the other plaintiffs in and to the land in controversy or any part thereof, but had claimed the title to the entire land and had used and occupied the same adversely to plaintiffs, paying all taxes thereon; the agreement of counsel further showing that the possession of said A. J. and J. J. Dull as well as B. L. Naylor and A. H. Jones, was open, adverse and exclusive. Arts. 3342 and 3347, Sayles Texas Civil Statutes, 1897; Bloom v. Sawyer, 89 S. W. Rep., 207 (Ky.) ; Byers v. Carll, 27 S. W. Rep., 190, 7 Texas Civ. App., 423; Puckett v. McDaniel, 28 S. W. Rep., 360, 8 Texas Civ. App., 630; Church v. Waggoner, 78 Texas, 202, 14 S. W. Rep., 581; Jacks v. Dillon, 25 S. W. Rep., 646, 6 Texas Civ. App. 192; Alexander v. Kennedy, 19 Texas, 488; Cantagrel v. Von Lupin, 58 Texas, 570; De Leon v. McMurray, 23 S. W. Rep., 1038; Angel on Lim. (6th ed.), p. 398; Wood on Lim., p. 560; Am. & Eng. Enc. of Law (1st ed.), vol. 11, p. 1114; Cyc. of Law & Proc., vol. 1, p. 1078, sec. 45; Scheicher v. Gatlin, 85 Texas, 277, 20 S. W. Rep., 120.

No briefs for appellees.

JAMES, Chief Justice.—The action is by certain heirs of John C. Foster against Naylor & Jones and involves the title to a part of the John C. Foster two-thirds of a league and labor, or 3129 acres, to wit: a specific 2550 acres thereof, defendants entering a disclaimer as to all the land sued for but that. The case was tried by the judge, who rendered judgment in favor of appellants except as to plaintiff John C. Foster who was given judgment for 115 9-10 acres undivided in the tract. From this the appeal is taken. Naylor & Jones were allowed judgment over against their warrantors, who were parties, as to said 115 9-10 acres.

There is but one question raised. It appears that a certain deed from heirs of the original grantee to A. J. and J. J. Dull (the warrantors of Naylor & Jones) while it purported to convey the entire tract less a certain 576 acres thereof, or 2,550 acres, and in terms warranted the title to all the tract except said 576 acres, contains this recital following the names and residences of the several grantors: "being part of the heirs of John C. Foster, deceased, the other heirs being John Foster, Adaline Smythe and Mary Jane." The above deed was dated December 16th, 1881, and filed for record January 30, 1882. On January 28, 1882, Adaline Smythe and husband executed a deed to A. J. & J. J. Dull for her right, title and interest in the land, being 1-18 of 2553 acres. This deed was filed for record on April 10, 1882. It refers to the patent and "to a deed executed on the 19th day of December, 1881, by the widow and a portion of the other heirs of the said John C. Foster to the said A. J. and J. J. Dull."

On October 12, 1882, a deed was executed by Mary Jane Stevens to A. J. and J. J. Dull, conveying 141 4-5 acres in the 3129 acres.

The heirs of the original John C. Foster who were named in the first of said deeds as being the other heirs, were not in fact all of the other heirs. Those omitted and the heir John C. Foster were plaintiffs in this action.

The court, as already stated, gave judgment against all the plaintiffs except John C. Foster. As the court did not file any findings or reasons for its judgment, we can only infer the reasons, and it is our duty to affirm the judgment if upon any theory founded upon the evidence this can be done. We know the court must have found that defendants and those under whom they claimed had such possession as gave them the benefit of the statute of limitation, else all of the plaintiffs would have recovered. But the giving of a judgment in favor of one of the plaintiffs shows that the court found that as to him the possession was not such as under the circumstances made the statute effective as to him. The only circumstances are to be found in the deeds above described, insofar as they indicate that the Dulls entered into possession recognizing a co-tenancy between themselves and the other heirs.

Appellants' brief states: "The trial judge found and held in effect that the mention of other heirs in the deed from Jane A. Foster and others to J. J. and A. J. Dull, forced upon appellants a recognition of the rights of such other heirs so named." Appellee has filed no brief. Concretely stated it is that although the deed purported to convey the entire land, it was not intended by the parties as an act of ouster or repudiation of the co-tenancy, for the reason that it mentioned that the grantors were not all the heirs, and named others as heirs jointly interested. Nevertheless those who signed it undertook to make a conveyance of it all. It is familiar law that where certain co-tenants execute a deed to the entire property this amounts to a repudiation of the tenancy and the purchaser taking possession holds adversely to the others. The registration of such deed is notice. Puckett v. McDaniel, 8 Texas Civ. App., 630; Bracken v. Jones, 63 Texas, 184.

In Jack v. Dillon, 6 Texas Civ. App., 192, 25 S. W. Rep., 646, this court held: "The fact that the deeds which purported to convey the entire land referred for description to the previous deeds in the chain of title which did not thus undertake to convey all the land, does not diminish their effect as an act hostile to the common title that may have existed."

In the case before us the deed showed upon its face that the grantors did not own the entire title and that they were co-tenants with other heirs, who did not join. Yet they assumed to deal with it all, made their conveyance embrace it all and warranted it all. The act was none the less inconsistent with and hostile to the co-tenancy because of its mention of joint owners not signing. Pope v. Brassfield, 61 S. W. Rep., 5.

In the statement of facts appears the following agreement signed by counsel for all parties. After stating who were all the heirs of the original John C. Foster and his wife, and the disclaimer of Naylor & Jones as to all the survey except the 2,550 acres in question, this agreement concludes as follows: "4th. That the defendants Naylor & Jones

and their vendors A. J. and J. J. Dull have been in open, adverse, exclusive and continuous possession of the said 2,550 acres, cultivating, using and enjoying same under title or color of title by a regular chain of transfers from and under the sovereignty of the soil since December, 1881, and have been in such continuous possession of the same under deed or deeds duly recorded since December 16, 1881, paying all taxes thereon currently as the same accrued; the said deed, however, from the Foster heirs to J. J. and A. J. Dull, dated December 16, 1881, not having been signed and executed by the plaintiff, Jno. C. Foster or the fathers and mothers respectively of the other said plaintiffs. 5th. That unless barred by either the three, five or ten years' statute of limitation, the said plaintiff John C. Foster is entitled to recover a 1-22 interest, amounting to 115 9-10 acres; the plaintiffs Laura A. Cavender, Emma McCulloch and E. C. Foster are each entitled to recover an undivided 1-66 interest amounting to 38 63-100 acres; and the plaintiffs W. H. West, James West, Ella Reeves and F. M. Latham are each entitled to recover an undivided 1-88 interest, amounting to 28 97-100 acres."

This is an admission of all the conditions necessary to complete defendants' title by limitations, unless the effect of the first of said deeds by its not having been signed by the plaintiff John C. Foster, defeats that result. We have already arrived at the conclusion that it did not have such effect. We think this agreement as worded confines plaintiff to said particular deed and excludes consideration of the two subsequent deeds taken by the Dulls in determining the question of recognition by the latter of a tenancy in common with said plaintiff John C. Foster. It admits that defendants have adverse possession but for that deed. However, if this should not be the proper construction of the agreement and it should be contended that said Dulls by subsequently purchasing from Adaline and Mary Jane recognized by those acts a co-tenancy which included and extended to said John C. Foster, we are of opinion that such was not the effect of said acts as to said John C. Foster with whom J. J. and A. J. Dull never had any communication. Lewis v. Terrell, 26 S. W. Rep., 754. We therefore, think the judgment should be reversed and here rendered for appellants.

*Reversed and rendered.*