**THOMAS et al. v. CALAHAN et al.
(No. 2393.)**

(Court of Civil Appeals of Texas. Texarkana. March 25, 1921. Rehearing Denied April 7, 1921.)

1. **Appeal and error** &#9876;1066—**Unnecessary instruction held not reversible error.**

In action to recover title to land, a statement by the court, as a preamble to interrogatories, that "the evidence shows that the plaintiffs were in possession of the land in controversy at the time of the institution of this suit," was not reversible error, where the undisputed facts showed that plaintiffs did have possession, although the statement might have been properly omitted from the charge as unnecessary.

2. **Evidence** &#9876;383(7)—**Recitals of heirship in power of attorney not conclusive.**

In action to recover title to land, where defendant claimed title to an undivided interest under M. and N. as heirs of the original patentee, but the only evidence of such heirship was the recital thereof in a power of attorney given by M. and N., the jury had the right to conclude from the absence of any stronger evidence that M. and N. were not among the heirs of the original patentee.

3. **Adverse possession** &#9876;46—**Stretching a single wire along part of land held not sufficient to interrupt possession.**

In action to recover title to land, which was used principally as a pasture for stock, there being evidence that the husband of one of the defendants at one time stretched a single wire, not sufficient to turn stock, along part of the land, intending to segregate a portion as his wife's property, and that a short time thereafter plaintiffs' predecessor R., then claiming the property, removed the wire and notified defendants, and there was nothing to indicate that his stock were disturbed or his actual possession otherwise interfered with, an instruction that the action of defendant's husband was not sufficient to interrupt the peaceable and continuous possession of plaintiffs and their predecessors if the jury believed that R., immediately on discovering the wire, removed it, was not error.

4. **Trespass to try title** &#9876;38(3)—**Prior possession presumably title in absence of possession or reliable paper title by adverse claimants.**

In action to recover title to land, where there was no evidence that defendants or those under whom they claimed ever had actual possession and no proof of a reliable paper title connecting defendants with the original patentee under whom they claimed, plaintiffs' prior possession alone was sufficient to support a presumption of title in them.

Appeal from District Court, Delta County; A. P. Dohoney, Judge.

Action by W. E. Calahan and others against Florence Unsell Thomas and others. From judgment for plaintiffs, defendants appeal. Affirmed.

Adams & Stennis, of Dallas, and C. E. Sheppard, of Sulphur Springs, for appellants. Newman Phillips and C. C. McKinney, both of Cooper, for appellees.

HODGES, J. The appellees sued the appellants in the district court of Delta county to recover the title to 1,693 acres of land of the Curtis Morris survey. In addition to the general averments of ownership, they pleaded a title by limitation. Appellants answered by plea of not guilty, and also set up

---

&#9876;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the different statutes of limitation. A trial before a jury resulted in a judgment in favor of the appellees.

The appellants undertook upon the trial to deraign title from the original patentee, Curtis Morris, through a conveyance from W. W. Morris and Mary E. Nix, who claimed to be heirs of Curtis Morris, the original patentee. In response to special issues submitted the jury found substantially the following facts: That the plaintiffs and those under whom they claimed had been in possession of the land since 1898; that such possession was continuous, peaceable, and adverse during that time; that the plaintiffs had all of the land in controversy, including that claimed by Mrs. Thomas, one of the appellants and the principal defendant, inclosed by fences; that the land had been so inclosed since May, 1909; that during that time the plaintiffs and those under whom they claimed had used and cultivated the land and made reasonable efforts to keep up the fences. The court also asked the jury to find the names of the heirs of Curtis Morris, the original grantee, deceased. In answer to that question the jury found the names of several parties, which did not include the names of W. W. Morris and Mary E. Nix, under whom the appellants claim title.

[1] The first group of assigned errors complain of the action of the court in admitting certain documentary evidence consisting of certified copies from the records of the land office and of Delta and Hopkins counties. It is unnecessary to discuss those assignments, because it is apparent from the record before us that the court based his judgment in favor of the appellees upon proof of a title by limitation. The consideration of those documents by the jury could have affected only the proof as to the paper title relied on by appellees to support the claim of ownership. As a preamble to the interrogatories propounded the court used the following language:

"The evidence shows that the plaintiffs were in possession of the land in controversy at the time of the institution of this suit."

The undisputed facts show that the plaintiffs did have possession. While that paragraph might have been properly omitted from the charge as unnecessary, it does not, under the record before us, constitute reversible error.

[2] The appellant Mrs. Thomas was formerly the wife of S. C. Unsell, deceased, and claims title to an undivided half interest under W. W. Morris and Mary E. Nix. The only evidence that those parties were the heirs of Curtis Morris, the original grantee, was the recital of that fact in a power of attorney given by W. W. Morris and Mary E. Jenkins to M. T. Nix in September, 1907. The jury had a right to conclude from the absence of any stronger evidence that those parties were not among the heirs of the original patentee. Davidson v. Senior, 3 Tex. Civ. App. 547, 23 S. W. 24.

[3] The evidence shows that Thomas, the second husband of Mrs. Florence Unsell Thomas, at one time went upon this tract of land and stretched a single wire along part of the land, intending to segregate a portion as the property of his wife. The evidence shows, however, that this wire was not sufficient to turn stock. A short time thereafter, and as soon as the presence of the wire was discovered, Frank Richards, who was then in charge of the property and claiming to be the owner, removed the wire from the premises and notified the appellants. As to the legal effect of the conduct of Thomas in putting the wire there the court gave the following instruction:

"You are further instructed on the question of the peaceable and continuous possession that the action of the defendant Thomas in placing the wire around the land claimed by his wife would not be sufficient to interrupt the peaceable and continuous possession of the plaintiffs or those under whom they claim, if you find it was otherwise peaceable, adverse, and continuous, if you believe from the evidence that Frank Richards, who was then claiming said land, immediately upon discovering that said wire had been placed there took it down and removed it."

Appellants object to that paragraph upon the ground that it bears upon the weight of the evidence. The record shows that this land was used principally as a pasture for stock. It is evident that the mere stretching of a single wire in the manner shown by the evidence did not have the effect of excluding Richards from possession of the land. There is nothing to indicate that his stock were disturbed, or that his actual possession was otherwise interfered with. There was no error in giving that charge.

It is claimed that the finding of the jury that the appellants and those under whom they claim had been in adverse possession and use of the premises for the length of time stated in the verdict was unsupported by the evidence. While the evidence is not as full as it probably might have been, we cannot say that it was not sufficient to support the finding of the jury upon that issue.

[4] But even if the appellees and those under whom they claim had not been in the adverse possession of the premises for the statutory period of 10 years, the proof shows with practical certainty that they had prior possession; in fact, there is no evidence that the defendants or those under whom they claim ever had actual possession of the land. There is also a total absence of any proof of a reliable paper title connecting the appellants with the original grantee. In that state of the record, prior possession alone is enough to support a presumption of title in

the appellees. Saxton v. Corbett, 122 S. W. 75, and cases there cited; Randell v. Robinson, 172 S. W. 735. If that view be correct, the other assignments of error, which complain of the refusal of the court to submit certain special issues, are without merit.

The judgment is affirmed.