**SILER et al. v. JONES et al.**

No. 4394.

Court of Civil Appeals of Texas. Texarkana.

Jan. 5, 1934.

Rehearing Denied Jan. 11, 1934.

Brachfield & Wolfe, of Henderson, and C. A. Sweeton, of Houston, for appellants.

Joseph H. Byers, of Henderson, for appellees.

JOHNSON, Chief Justice.

July 5, 1932, appellees, Mintie Jones and A. B. Finley, plaintiffs in the trial court, filed this suit in trespass to try title against appellants, Mrs. Mary Siler, individually and as administratrix of the community estate of herself and husband, W. H. Siler, a person of unsound mind, defendants in the trial court, seeking to recover a $\frac{1}{12}$ undivided interest in 320 acres of land of the Milton Walker survey in Rusk county. The appellants pleaded not guilty, and the three, five, ten, and twenty-five year statutes of limitation.

The legal title to the 320 acres of land in question was conveyed to John Waggoner during the lifetime of his wife, Katy Waggoner, and was their community property, by reason of which the wife, Katy Waggoner, became the owner of the equitable title to a $\frac{1}{2}$ undivided interest in the land. Katy Waggoner died prior to 1898. Appellees inherited a $\frac{1}{12}$ interest in the land from Katy Waggoner, deceased, through her son, Mint Waggoner, one of the six children of Katy Waggoner. On August 19, 1901, all the heirs of Katy Waggoner, deceased, except the heirs of Mint Waggoner, deceased (the appellees), joined John Waggoner, the surviving husband of Katy Waggoner, in conveying the land to W. H. Siler. The deed is a general warranty deed purporting to convey title to the entire 320 acres to W. H. Siler, for the consideration of $350 paid, and makes no reference to Katy Waggoner, deceased, nor to Mint Waggoner, deceased, or his heirs. The deed was duly recorded September 4, 1901. W. H. Siler and wife, Mary Siler, moved on the place in October, 1901, and have since continuously held peaceable and adverse possession, cultivating, using, and enjoying the land, paying all taxes thereon when due, and claiming title to the whole tract. By deed dated March 29, 1902, recorded same date, W. H. Siler conveyed the land to his wife, Mary Siler. Appellees have lived a distance from the land, and had no knowledge of their inheritance until 1931, at which time they made claim to it. The above facts are not controverted. The case was tried to a jury, and, upon special issues submitted, the jury found: (1) W. H. Siler and Mary Siler, at the time of purchase of the

land, knew that plaintiffs owned an interest in the land; (2) that W. H. Siler and Mary Siler at the time they went into possession recognized the plaintiffs as owning an interest in the land; (3) that W. H. Siler and Mary Siler did not at any time prior to ten years before this suit was filed repudiate or deny the rights of appellees, by claiming and asserting title to the land as their own, hostile and adverse to the claims of the appellees.

Finding No. 3 of the jury, if and in so far as it may be construed as finding that "W. H. Siler and Mary Siler had not prior to ten years before the suit was filed claimed or asserted title to the land as their own, hostile and adverse to appellees," does not have support in the evidence. The testimony is uncontradicted that after purchasing the land the Silers put their deed of record, went into possession, and have continuously since occupied, cultivated, and used the land, paying all taxes thereon, claiming it as their own, for more than thirty years prior to the filing of this suit. Findings Nos. 1 and 2 of the jury are based upon the testimony of Col. Waggoner, who testified for plaintiffs that he was a grandson of John Waggoner; that he was about eleven years of age when the land was conveyed to W. H. Siler; that he was present when the deed was executed; and:

"Q. What was said by Mr. Siler to him (John Waggoner) with regard to their (appellees') interest? A. My uncle back there and my grandfather (John Waggoner), when this place was sold and the deed drawn up, he said, 'Mr. Siler, you know I have two nieces,' that was my old uncle back there, 'and they have their father's part here,' and he said, 'That is all right, when they call for a settlement, I will settle with them for the land.' I was young, but I remember it as well as if it had been yesterday. * * *

"Q. And your grandfather sold them all the property with the understanding he would pay the children (appellees)? A. That Grandpa would pay them?

"Q. No, Mr. Siler—or any one? A. Mr. Siler said he would pay them. * * *

"Q. You don't know whether she (Mrs. Mary Siler) heard it or not? A. She was sitting there."

■ Based upon this testimony it was appellees' contention in the trial court, and they now contend, in substance, that appellants knew of and recognized, at the time they purchased the land, appellees' interest therein, which facts constituted them cotenants with appellees, thereby requiring some specific act of repudiation of the cotenancy and notice thereof to appellees before appellants' subsequent claim and adverse possession of the land could start the statute of limitation running. It is not thought that appellees' contention can be sustained, for the reason that the legal effect of the facts does not constitute the relation of cotenancy between appellees and appellants. The substance of Col. Waggoner's testimony is to the effect that W. H. Siler, at the time of the execution of the deed, was informed of appellees' interest in the land, and that he then promised John Waggoner to pay appellees for it when they called for a settlement. This would not create the relation of cotenancy between appellees and appellants; nor does it contradict the purpose of the parties as evidenced by the terms of the deed, purporting to convey the absolute ownership of the entire property to W. H. Siler, a stranger thereto. A stranger to the title, purchasing the undivided share of a tenant in common, becomes a cotenant with the remaining owners; but a conveyance of the whole property, as in the instant case, and not an undivided share, by a number less than all of the cotenants, to a stranger, is a repudiation of the cotenancy. The legal effect of such a conveyance terminates the tenancy in common previously existing between the grantors and the cotenants not joining in the conveyance, 62 C. J. § 19, p. 418; and it does not create the relation of cotenancy between the purchaser and such cotenants not joining in the conveyance. 62 C. J. § 9; page 414. The registration of the deed by appellants constituted notice to the appellees, as a matter of law, of the repudiation of the cotenancy and of the adverse character of appellants' subsequent possession of the land. Welch v. Armstrong (Tex. Civ. App.) 62 S.W.(2d) 335, and authorities therein cited.

In Naylor & Jones v. Foster, 44 Tex. Civ. App. 599, 99 S. W. 114, 115, it is said:

"Concretely stated, it is that, although the deed purported to convey the entire land, it was not intended by the parties as an act of ouster or repudiation of the co-tenancy, for the reason that it mentioned that the grantors were not all the heirs, and named others as heirs jointly interested. Nevertheless those who signed it undertook to make a conveyance of it all. It is familiar law that, where certain co-tenants execute a deed to the entire property, this amounts to a repudiation of the tenancy, and the purchaser taking possession holds adversely to the others. The registration of such deed is notice. * * * In the case before us the deed showed upon its face

that the grantors did not own the entire title, and that they were co-tenants with other heirs who did not join. Yet they assumed to deal with it all, made their conveyance embrace it all, and warranted it all. The act was none the less inconsistent with and hostile to the co-tenancy, because of its mention of joint owners not signing."

In McBurney v. Knox (Tex. Com. App.) 273 S. W. 819, 821, it is said:

"It is a familiar rule in this state that where one tenant in common executes a deed purporting to convey the entire premises to a third person, who enters into possession thereof, claiming title to the whole, this will constitute a disseizin of the co-tenants and after the expiration of the statutory period will bar the right of the cotenants to recover."

We are of the opinion that in legal effect of the uncontradicted facts none other than a directed verdict in favor of the defendants would have been proper; and that the court erred in refusing appellants' motion to render judgment as provided in article 2211, R. C. S. 1925, as amended by Acts of the 42d Legislature (1931), ch. 77, p. 119 (Vernon's Ann. Civ. St. art. 2211).

The judgment of the trial court is therefore reversed and judgment is here rendered for appellants and against appellees.