ORR et al. v. ARMSTRONG.

No. 4682.

Court of Civil Appeals of Texas. Texarkana.
March 28, 1935.

Rehearing Denied April 11, 1935.

Mayfield & Grisham, of Tyler, for appellants.

Young, Stinchcomb & Kenley, of Longview, for appellee.

JOHNSON, Chief Justice.

This suit is by appellants, Ora Belle Lacy Orr, Minnie Lacy Strahorn, joined by her husband, Harry Strahorn, Loveda Ann Lacy Redding, and J. Ney Ryman, against appellee, T. M. (Tom) Armstrong. Plaintiffs' petition is the statutory action of trespass to try title to 140 acres of land in Gregg county. Defendant pleaded not guilty and the several statutes of limitation, and sought affirmative relief to remove cloud from title. Trial before the court without a jury resulted in judgment for defendant, T. M. Armstrong, from which plaintiffs have appealed.

The land was formerly community property of J. K. Armstrong, Sr., and his wife, Sarah Armstrong, both now deceased. J. K. Armstrong, Sr., left surviving seven children, or their heirs. Elizabeth Armstrong and J. K. Armstrong Jr., were children of J. K. Armstrong, Sr. Appellants, other than

Ryman, claimed to be the heirs of Elizabeth Armstrong. Ryman claims under deed from the other appellants. Appellee, T. M. Armstrong, is the son of J. K. Armstrong, Jr., and claims title to the land under deed from his father and by limitation. November 1, 1916, by general warranty deed J. K. Armstrong, Jr., and wife conveyed the absolute ownership of the entire tract to appellee, T. M. Armstrong, for a consideration of $3,-500, presumably its full value, and placed him in possession under the deed. The deed was recorded November 29, 1916. It contains the following recital: "Said tract of 140.4 acres known as a portion of the John K. Armstrong, Sr., Homestead tract. And being all of said Homestead tract of 200 acres of land, more or less, except such portion as we have heretofore conveyed to other parties by deeds duly recorded in the County Clerk's office of Gregg County, Texas, the said 200 acres Homeplace was set apart to me, the said J. K. Armstrong, Jr., as my remaining portion of my father's estate, the said J. K. Armstrong, Sr., save and except such interest as claimed by my sisters and brothers which said interest I purchased from them."

The above recital does not have support in evidence of any conveyance to J. K. Armstrong, Jr., from his sister, Elizabeth Armstrong, so, with respect to the undivided one-seventh interest in the land inherited by Elizabeth Armstrong from J. K. Armstrong, Sr., and wife, there is no record title out of Elizabeth Armstrong, and as to this one-seventh interest now claimed by appellants, the title of T. M. Armstrong thereto is dependent upon his acquisition of same by limitation.

T. M. Armstrong is the only witness who testified upon the trial of the case. He testified in substance that continuously since the date of his purchase he has occupied and claimed the land under his deed from his father, J. K. Armstrong, Jr., holding peaceable and adverse possession, cultivating and using the land, rendering it for taxes and paying the taxes thereon, and that he had not been delinquent in the payment of his taxes any year that he could remember of, during all of which time the entire tract of land has been under fence, and that he had placed approximately $10,000 improvements on it prior to the filing of this suit, which was filed in 1932.

Appellants contend that T. M. Armstrong was in the relation of a tenant in common with appellants, and not having repudiated such cotenancy, and never having notified appellants of the adverse character of his possession, the statutes of limitation had therefore not begun to run in his favor against appellants.

It being the contention of appellants that the facts in evidence come within the rule of law, namely, that the possession of a tenant in common, even though of the whole tract, will be presumed to be in right of the common title. And in order to affect other tenants in common with the adverse character of his holding, to start the statutes of limitation running, he must repudiate such cotenancy, and notice of the adverse character of his possession must be brought home to his cotenants out of possession either by information to such effect given by the tenant in common asserting such adverse right, or by such acts of unequivocal notoriety in the assertion of such adverse and hostile claim that such cotenants out of possession will be presumed to have had notice of the character of such holding. Phillipson v. Flynn, 83 Tex. 580, 19 S. W. 136; Moody v. Butler, 63 Tex. 210; Stiles v. Hawkins (Tex. Com. App.) 207 S. W. 89; Long v. McCoy (Tex. Civ. App.) 294 S. W. 633.

On the other hand, it is the contention of appellee that the facts of this case come within the rule, namely, that when one of several tenants in common executes a deed purporting to convey the entire premises to a third person, who enters into possession thereof, claiming title to the whole, this will constitute a disseisin of the cotenants, and after the expiration of the statutory period of time will bar their right of recovery. McBurney v. Knox (Tex. Com. App.) 273 S. W. 819; Olsen v. Grelle (Tex. Com. App.) 228 S. W. 927; Naylor & Jones v. Foster, 44 Tex. Civ. App. 599, 99 S. W. 114; Long v. McCoy (Tex. Civ. App.) 294 S. W. 633.

▌ Pertinent to the propositions, it may be said there is evidence in the record that J. K. Armstrong, Jr., occupied and claimed the land over a period of years prior to the time he sold it to T. M. Armstrong; just how long such claim and occupancy continued is not shown. T. M. Armstrong testified that his father occupied it ever since he could remember. But there is no conveyance in evidence from Elizabeth Armstrong to J. K. Armstrong, Jr., or from Elizabeth Armstrong to any other person. So it may be said that until the time J. K. Armstrong, Jr., conveyed the land to T. M. Armstrong the relation of cotenancy existed between J. K. Armstrong, Jr., and Elizabeth Armstrong, if liv-

ing, and if dead, with her heirs. Prior to his purchase and the conveyance to him by J. K. Armstrong, Jr., November 1, 1916, T. M. Armstrong neither held nor claimed any interest in the title or possession of the land, or any part of it. On that date appellants' cotenant in possession, namely, J. K. Armstrong, Jr., executed and delivered to appellee, T. M. Armstrong, a third party and stranger to the title, a deed conveying absolute ownership of the entire land for a consideration presumably of the full value of the land. T. M. Armstrong was placed in possession under the deed and it was duly recorded. He remained in such possession for more than fifteen years prior to the filing of this suit, claiming title to the whole tract under facts sufficient to prescribe under the five and ten years' statutes of limitation. The conveyance of the absolute ownership of the entire property by J. K. Armstrong, Jr., terminated the cotenancy existing between himself and Elizabeth Armstrong, and/or her heirs; and, in the circumstances, it did not create the relation of cotenancy between the grantee, T. M. Armstrong, and Elizabeth Armstrong and/or her heirs. Welch v. Armstrong (Tex. Civ. App.) 62 S.W.(2d) 335, and authorities there cited.

It is thought that the legal effect of the undisputed facts presented establish a disseisin so as to start the statutes of limitation running in favor of appellee, and that the judgment of the trial court is supported by title in appellee acquired under the statutes of five and ten years.

▮ There was no evidence, either record or parol, introduced upon the trial of this case showing that Elizabeth Armstrong was dead, or if dead, that appellants were her heirs, unless it be considered that the recitals in a deed dated April 26, 1932, from appellants Ora Belle Orr and Loveda Ann Redding to appellant J. Ney Ryman, is evidence of such death and of such heirship. This deed recites that Elizabeth A. Lacy, née Armstrong, died about the year 1861 in Burnett county, Tex., and that Mrs. Minnie Strahorn and Ora Belle Orr, née Lacy, are the sole and only heirs at law of said Elizabeth A. Lacy, née Armstrong. Appellees sought to make proof of such heirship by T. M. Armstrong, but he had no knowledge of the children of Elizabeth Lacy or of the relationship, if any, of appellants to Elizabeth Armstrong. Appellee objected to the introduction of said recital in said deed and to the court's consideration of same as evidence of the heirship which it purported to recite, and was given a bill of exception thereto by the court, which is here presented by cross assignment.

It does not appear that any predicate was laid for the introduction of the recital in the deed in question, nor was any account attempted to be given for the absence of better testimony. The deed was not an ancient instrument, nor was it an instrument to which appellee was in any wise a privy. It further appears from the deed in which the recital is contained, that it was executed in contemplation of an effort to recover the land in controversy in this suit. In the circumstances the recital is hearsay, self-serving, and is incompetent to prove the heirship which it recites. McCoy v. Pease, 17 Tex. Civ. App. 303, 42 S. W. 659; Davidson v. Senior, 3 Tex. Civ. App. 547, 23 S. W. 24.

The judgment of the trial court is affirmed.