## MINTIE JONES ET AL. V. MARY SILER ET AL.

No. 6742.   Decided January 13, 1937.
Rehearing overruled February 24, 1937.
(100 S. W., 2d Series, 352.)

*J. H. Byers,* of Henderson, *George E. Shelley, J. B. Robertson,* and *Dan Moody,* all of Austin, for plaintiffs in error.

The undisputed evidence amply supports the verdict of the jury and the Court of Civil Appeals erred in holding that the finding on special issue number three as to claim of defendants being hostile and adverse to plaintiffs was not sustained by the evidence. Philipson v. Flynn, 83 Texas 583, 19 S. W. 136; Allen v. Allen, 101 Texas 365, 107 S. W. 528; Akin v. Jefferson, 65 Texas 137; Lyons v. Texorado Oil & Gas Co., 91 S. W. (2d) 375 (error refused).

A claim under the statutes of limitations can not be sustained in the absence of proof that the holding of the party in possession is adverse to the other parties and the grantee in a deed purporting to convey the entire title who takes such deed with the declaration that the nonjoining tenants in common may later come and get their interests can not be said to be holding adversely to such nonjoining parties unless he shows by evidence that he has later unequivocally repudiated the tenancy in common and that actual notice of such repudiation has been brought home to such parties. Davis v. Lund, 41 S. W. (2d) 57; Liddell v. Gordon, 254 S. W. 1098; Easterling v. Murphey, 11 S. W. (2d) ·329; Houston Oil Co. v. Jones, 109 Texas 89, 198 S. W. 290.

*Brachfield & Wolfe,* of Henderson, *Vinson, Elkins, Sweeton & Weems,* of Houston, and *Turner, Rodgers & Winn,* of Dallas, for defendants in error.

Defendants in error held title under the statutes of limitations and a conveyance in writing. Harris v. Wells, 85 Texas 312, 20 S. W. 68; Orr v. Armstrong, 81 S. W. (2d) 710 (error refused) ; Illg v. Garcia, 92 Texas 251, 47 S. W. 717; Wallis v. Long, 75 S. W. (2d) 138 (error refused) ; Williams v. Pure Oil Co., (Com. App.) 78 S. W. (2d) 929.

*A. E. Wood,* of Austin, filed brief as amicus curiae.

MR. JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

Plaintiffs in error, Mintie Jones and A. B. Finley, sued Mary Siler, individually and as administratrix of the community estate of herself and her husband, W. H. Siler, for the title to an undivided one-twelfth interest in 320 acres of land

in Rusk County. Defendants in error pleaded the several statutes of limitation.

The land was the community property of John and Katy Waggoner. Katy Waggoner died intestate and plaintiffs in error inherited from her through her son, Mint Waggoner, an undivided one-twelfth interest in the land. Thereafter John Waggoner and all of the heirs of Katy Waggoner, except plaintiffs in error, sold and conveyed the 320-acre tract of land to W. H. Siler for a cash consideration of $345.00. The deed contained a general warranty, purported to convey the whole title and made no reference to plaintiffs in error or to their interest in the land. It was executed August 19, 1901, and filed for record September 4, 1901. The Court of Civil Appeals found that "W. H. Siler and wife moved on the place in October, 1901, and have since continuously held peaceable and adverse possession, cultivating, using and enjoying the land, paying all taxes thereon when due and claiming title to the whole tract." This finding is not questioned.

The jury in answer to special issues found: that when Siler and wife purchased the land they knew that the plaintiffs owned an undivided interest in it; that at the time Siler and wife went into possession of the land they recognized the plaintiffs as owning an interest with them in the land; and that Siler and wife did not at any time prior to ten years before the filing of the suit repudiate or deny the rights of plaintiffs to the land by claiming and asserting title to the land as their own and hostile and adverse to the claims of plaintiffs. The trial court rendered judgment for plaintiffs in error for the undivided one-twelfth interest. The Court of Civil Appeals reversed the judgment of the trial court and rendered judgment for defendants in error. 68 S. W. (2d) 279.

We agree with the conclusion of the Court of Civil Appeals that, if the third finding made by the jury is construed as a finding that defendants in error did not prior to ten years before the suit was filed claim or assert title to the land as their own hostile and adverse to plaintiffs in error, such finding is not supported by the evidence. It conclusively appears from the statement of facts that defendants in error, from the time of their entry upon the land, had for about thirty years adverse possession sufficient to establish title against plaintiffs in error unless it can be said, by reason of the testimony of the witness Colonel Waggoner, that the possession was not hostile.

Colonel Waggoner, a grandson of John Waggoner, testified that he, then about eleven years of age, was present when the

deed conveying the land to Siler was executed and heard a conversation between certain parties to the deed. He testified that his uncle said to Siler: "I have two nieces. They have their father's part here," and that Siler said: "That is all right. When they call for a settlement I will settle with them for the land." On cross examination he testified that when his grandfather and his uncle mentioned the two girls' interest Siler said: "All right, when they come for it they can get it." This testimony was followed in the same cross examination by the statement of ·the witness that when his grandfather sold the property Siler said he would pay the children. On redirect examination the witness gave Siler's statement with reference to the girls' interest as being "when they came back it would be settled."

1 The judgment of the Court of Civil Appeals in favor of defendants in error is based upon the rule, well settled in this State and in most of the other States, that a conveyance by one cotenant to a stranger to the title, by an instrument purporting to pass the entire title in severalty and not merely the grantor's interest, when followed by entry of such stranger, claiming under such deed, into actual and exclusive possession, amounts to a disseisin of the other cotenants, and that such possession if continued for the statutory period will ripen into title. Olsen v. Grelle, (Com. App.) 228 S. W. 927; McBurney v. Knox, (Com. App.) 273 S. W. 819; Jack v. Dillon, 6 Texas Civ. App. 192, 25 S. W. 645 (application for writ of error refused); Welch v. Armstrong, 62 S. W. (2d) 335 (application for writ of error refused); Orr v. Armstrong, 81 S. W. (2d) 710 (application for writ of error refused); McCook v. Amarada Petroleum Corporation, 93 S. W. (2d) 482; Lessee of Clymer v. Dawkins, 3 How. 674, 11 L. Ed. 778; Note 32 L. R. A. (N. S.) pp. 702-711; Note 27 A. L. R. pp. 8-13; Note 71 A. L. R. pp. 444-451; 2 R. C. L. pp. 854-855, Sec. 48; 1 Am. Jur., pp. 828-830, Sec. 59; 2 C. J. S. p. 601, Sec. 72.

Plaintiffs in error contend that the case is taken out of this rule by the statement made by Siler at the time the deed was executed. They submit that such statement amounted to a recognition of the title of plaintiffs in error and that by reason of such recognition Siler's possession, although taken and continued under the deed conveying the entire title, was not adverse or hostile to plaintiffs in error but was in fact, or in legal effect, possession by a cotenant.

2 We are unwilling to give to the indefinite statement or promise made by Siler such far reaching and controlling effect. We

do not construe the testimony of the witness to mean that Siler agreed not to claim the entire title which the deed purported to convey to him or that he agreed to reconvey to plaintiffs in error, whenever they might request it, the undivided one-twelfth interest. Taken as a whole, the testimony of the witness is that at the time the deed was executed Siler was told by one of the grantors about the interest owned by the two girls and that Siler said that when they came back, or when they called for a settlement, he would settle with them for the land or pay them. Siler's statement, as once given in the testimony of the witness, "when they come for it they can get it," means, we think, when read as a part of the entire testimony of the witness, that they can get settlement or payment for the land and not that their interest in the land will be held for them or reconveyed to them. Notwithstanding the information given to Siler about the interest of the two girls and his statement that he would settle with them or pay them when they called for it, the deed conveying the entire title, with general warranty, was executed and delivered to Siler, accepted by him and promptly recorded, and under that deed he went into exclusive possession of the land and thereafter exclusively possessed and claimed all of the land, improved it and paid taxes on all of it each year.

**3** Thus the acts of the parties to the conveyance were, as far as the title and possession of the land were concerned, hostile to the rights of plaintiffs in error, in denial of such rights and inconsistent with them. The act of the grantors in assuming to convey to a stranger the entire title as if they owned it was a repudiation of the existing cotenancy. It has been held that the effect of such conveyance is to terminate the cotenancy. Welch v. Armstrong, 62 S. W. (2d) 335, 338 (application for writ of error refused) ; Orr v. Armstrong, 81 S. W. (2d) 710 (application for writ of error refused) ; 62 C. J. p. 418, Sec. 19. The acceptance of the deed by the grantee, his entry under it, and his continued acts thereafter of ownership of, and dominion over, all of the land were likewise necessarily hostile to the rights of plaintiffs in error. To use substantially the language of the court in Foulke v. Bond, 41 N. J. L. 527, 540, quoted in a note in 27 A. L. R. p. 11, the conveyance by John Waggoner and the other grantors of the estate in the entirety was decisive of their purpose to appropriate the entire estate to their own use, and the entry of Siler under the deed was equally evincive of his intention to claim the whole to the exclusion of the other cotenants, and upon the recording of the deed the disseisin became complete.

The vague statement or promise of Siler to settle with, or pay, the two girls, neither negatives nor contradicts the patent hostility of the acts of the parties to the conveyance. It is consistent with the intention of the grantors to convey, and the purpose of the grantee to acquire, the entire title. If it be regarded as a recognition of the existing title or interest of the two girls, it was but a present recognition, not carried on beyond the delivery of the deed and the entry under it. If it was a recognition of title, it was immediately repudiated by the delivery and acceptance of the deed conveying the entire title, and by the entry and adverse possession of all of the land under that deed."

In Naylor & Jones v. Foster, 44 Texas Civ. App. 599, 99 S. W. 114, a warranty deed, executed by certain of the heirs of the former owner of the land, purported to convey the entire title, and contained a recital showing that the grantors were not the sole owners but were cotenants with other heirs who did not join. In holding that the deed was, notwithstanding such recital, an act of ouster, or a repudiation of the cotenancy, the court said: "Yet they assumed to deal with it all, made their conveyance to embrace it all, and warranted it all. The act was none the less inconsistent with and hostile to the cotenancy, because of its mention of joint owners not signing." So here, the acts of the parties, in the execution and delivery of the deed and the entry and possession under it, were none the less inconsistent with and hostile to the cotenancy, because of the statement made at the time of the execution of the deed that settlement would be made with those who did not join. It is our opinion that the conveyance of the entire title and the entry under the conveyance constituted a repudiation of the cotenancy, and that the possession of Siler under the conveyance was neither in fact nor in legal effect the possession of a cotenant, but was hostile to plaintiffs in error.

4 Siler's possession and the recording of the deed, taken together, gave defendants in error constructive notice of the hostile character of his claim. Puckett v. McDaniel, 8 Texas Civ. App. 630, 28 S. W. 360 (application for writ of error refused) ; Carr v. Alexander, 149 S. W. 218; Robles v. Robles, 154 S. W. 230; Clayton v. Humble Oil & Refining Co., 291 S. W. 597; Little v. Wagner, 5 S. W. (2d) 232 (application for writ of error refused) ; 1 Am. Jur. p. 835, Sec. 70. The recording of the deed, without possession by the grantee, would not have given notice. This because of the general rule that one is not charged with notice by the registration of an instrument which is not in his chain of title. White v. McGregor, 92 Texas 556,

559, 50 S. W. 564, 71 Am. St. Rep. 875. But possession is equivalent to registration, in that it gives constructive notice of the possessor's rights. Mainwarring v. Templeman, 51 Texas 205, 43 Tex. Jur. p. 661, Sec. 389. Siler's possession pointed to the records for the information contained in his deed as to the source, nature, and extent of his claim. The function of the recorded deed here, to aid and explain the notice given by possession, is the same as that of the recorded deed in the ordinary case where title is claimed under the five-year statute of limitation. Bracken v. Jones, 63 Texas 184, 187; Harris v. Wells, 85 Texas 312, 315, 20 S. W. 68; Neal v. Pickett, (Com. App.) 280 S. W. 748.

5 Relying upon James v. Fulcrod, 5 Texas 512, 55 Am. Dec. 743, and decisions following it, plaintiffs in error contend that a valid parol trust in their favor was established by the execution of the deed and Siler's contemporaneous statement. Two essentials for the creation of a valid parol trust, as the doctrine is explained by Justice WILLIAMS in Allen v. Allen, 101 Texas 362, 366, 107 S. W. 528, are: first, that a person having title conveys, or contracts in writing to convey, the title to another; and second, that the person to whom the title is conveyed agrees, before or at the time the title is acquired, to take or hold title for the benefit of the grantor or of a third person. Neither essential is present here. Plaintiffs in error are seeking to impress a parol trust upon the undivided one-twelfth interest owned by the cotenants who did not join in the deed. Those who executed the deed to Siler did not have title to that undivided one-twelfth interest, and their deed did not have the effect of conveying that interest. Siler and wife acquired title to it by adverse possession. The second essential is lacking, because, as has been pointed out, Siler did not undertake or agree to take or to hold title for the benefit of the nonjoining cotenants. But, even if it be granted that the testimony of the witness might be construed to mean that Siler promised to reconvey the land to the two girls whenever they might ask it, it certainly does not constitute that clear, satisfactory, and convincing evidence that is required to prove a trust by parol. King v. Gilleland, 60 Texas 271, 274; Carl v. Settegast, (Com. App.) 237 S. W. 238, 240; 42 Tex. Jur. pp. 687-689, Sec. 76; Note 23 A. L. R. pp. 1500-1550.

The Court of Civil Appeals correctly concluded that the undisputed evidence proved title in defendants in error by adverse possession. Its judgment is affirmed.

Opinion adopted by the Supreme Court January 13, 1937. Rehearing overruled February 24, 1937.