**ALLISON et al. v. TEXAS CO. et al.**

No. 5931.

Court of Civil Appeals of Texas. Texarkana.

April 9, 1942.

Pollard, Lawrence & Reeves, of Tyler, for appellants.

Weeks, Hankerson & Surles and Russell Surles, all of Tyler, H. S. Garrett, of Ft. Worth, and Wynne & Wynne and Henry H. Harbour, all of Longview, for appellees.

WILLIAMS, Justice.

D. P. Allison married Julia, his second wife, on September 16, 1909. He died August 8, 1914, and she in 1931. Sibyl Allison and a sister, joined by the latter's husband, the children of above marriage, were plaintiffs below. In this suit filed August 13, 1940, to recover jointly a 1/7 undivided interest in a 22½ acre tract out of the J. R. Crosby Survey in Gregg County, plaintiffs alleged a trespass to try title action in statutory form, Article 7366, R.C.S., Vernon's Ann.Civ. Sts. The defendants, Charles B. Johnston, the Texas Company, and Petroleum Corporation of Venezuela, each answered by general demurrer, general denial, a plea of not guilty, and each specially pleaded the 5, 10 and 25 year statutes of limitation, Articles 5509, 5510 and 5519, R.C.S.1925, Vernon's Ann.Civ.St. arts. 5509, 5510, 5519. In response to special issues the jury found that Johnston had matured title under each of above 5, 10 and 25 year statutes of limitation; and that defendant the Texas Company had matured under each of above 5 and 25 year statutes of limitation. Upon such findings the court entered judgment that plaintiffs take nothing.

Appellants assert that they and defendants and those through whom the litigants respectively claim were joint tenants, and there being no evidence of repudiation, or if any such evidence, any issue thereon being waived by defendants who had the burden to submit such issue, the findings of the jury as to any limitation holding, can not apply to the interests of the plaintiffs, and there being no jury finding of notice of repudiation, plaintiffs were entitled to judgment. This is the only attack presented on appeal and presents a question of whether or not actual notice of the repudiation of the claimed cotenancy between the plaintiffs

and defendants was a factual issue under the record in this case.

The land in controversy was acquired by D. P. Allison under deed dated November 7, 1898. He was at that time married to his first wife, Renzie, who died in 1899, leaving five children, who are not parties to this suit. Thereafter, under a guardian's deed dated December 10, 1904, J. L. Mackey, as guardian of the persons and estate of above children, then conveyed the children's interest in the tract to Mrs. Mary Victory, for a recited consideration of $135. This deed was filed for record in September, 1905. A deed dated July 11, 1907, filed for record January 25, 1908, which recites a cash consideration of $500 and contains a general warranty of title, executed by Mary Victory and husband, purports to convey to Mrs. Annie Beamer the entire and full fee title to the land in controversy. A deed, dated April 23, 1923, filed for record October 4, 1923, containing a general warranty of title, executed by the Beamers, purports to convey to appellee Johnston the full fee title to the land in controversy. Under an instrument filed for record October 22, 1930, containing a general warranty, defendant Johnston purports to convey the full fee title to the 7/8 oil and gas leasehold estate to W. P. Chandler. Through mesne assignments the Texas Company became the owner of the leasehold estate. The Texas Company completed the first well on the tract about June 28, 1931, and has continuously since produced oil from the land. A more detailed history of above conveyances, and the respective uses and character of occupancy by the Beamers and the defendants herein are set out in the suit of Allison's children by his first wife, reported in Allison et al. v. California Petroleum Corp. et al., Tex.Civ.App., 158 S.W.2d 597. The evidence in the instant case being substantially the same as set out in above cause shows that Mrs. Beamer from 1908 to 1923, and defendant Johnston and the owners of the leasehold under him from 1923 to the present have used, occupied, cultivated and enjoyed the tract, with the payment of taxes each year, during this period of time.

It is undisputed in the evidence that the deed into Mrs. Beamer went of record in 1908; that the deed into defendant Johnston, her vendee, went of record in 1923; that the oil and gas lease out of defendant Johnston went of record in 1930: and that each deed purports to convey the entire fee title to the tract in controversy with general warranty of title. The conveyance out of defendant Johnston purports to convey the entire fee title to the 7/8 oil and gas leasehold estate. Mrs. Beamer and the defendants each went into possession of the tract under and by virtue of the respective conveyances. No attack is made but that their use, cultivation, enjoyment and possession would mature the respective limitation titles, as found by the jury, if appellants had received notice of repudiation of such claimed cotenancy.

■■ Under such facts as herein stated, it is concluded that the plaintiffs and their predecessors were charged with notice, as a matter of law, of the repudiation of the cotenancy, if any, and no factual issue with reference to repudiation was presented. 2 Tex.Jur. p. 105; Little v. Wagner, Tex.Civ.App., 5 S.W.2d 232, 234; Jones v. Siler, 129 Tex. 18, 100 S. W.2d 352; McBurney v. Knox, Tex.Civ. App., 259 S.W. 667, 674.

"It has long been settled in Texas that a conveyance by one cotenant to a stranger, or by one or more cotenants to another cotenant, purporting to convey the entire common property, when followed by actual adverse possession, amounts to a *disseizin* of the non-participating cotenant; and record of such conveyance, followed by possession, constitutes notice of the repudiation." Republic Production Co. v. Lee, 132 Tex. 254, 121 S.W.2d 973, 978.

The judgment of the trial court is affirmed.