J. H. PAGE et al., Appellants,

v.

PAN AMERICAN PETROLEUM CORPORATION et al., Appellees.

No. 3639.

Court of Civil Appeals of Texas.

Waco.

Sept. 3, 1959.

Rehearing Denied Oct. 1, 1959.

---

Robert C. Koonce, Angleton, L. Alvis Vandygriff, George W. Barcus, Austin, for appellants.

Fountain, Cox, Gaines & Fox, Butler, Binion, Rice & Cook, Williams, Lee & Kennerly, Houston, Norman, Rounsaville & Hassell, Jacksonville, Strong, Baker & Compton, Baker, Botts, Andrews & Shepherd, Houston, Hardwicke, Haddaway & Pope, Fort Worth, Bell & Singleton, William Gardiner Winters, Jr., A. E. Groff, Houston, Wm. A. Orr, Jr., Sweeny, Hall W. Griggs, West Columbia, Fouts, Amerman, Moore, Williams & Caldwell, Houston, Cleveland Davis, Angleton, Thos. E. Hinson, Lebanon, Tenn., for appellees.

McDONALD, Chief Justice.

This is a trespass to try title suit to certain lands in the upper Eighth of the Imla Keep League of Brazoria County as follows:

First tract: Lots Nos. 1, 4, 5, 6, 7, and NW 12 acres of Lot 2, all known as Unit 96.

Second tract: Lots Nos. 9, 10, 11, and 12, all known as Unit 91.

Third tract: Lot No. 8, and NE 15 acres off Block 9, and known as Unit 95.

Plaintiffs alleged that they are owners of an undivided one-half interest in the property. Defendants answered by general denial and claim title to all of the property by virtue of the 2, 3, 4, 5, 10 and 25 years statutes of limitations, Vernon's Ann.Civ.St. arts. 5526, 5507, 5529, 5509, 5510, 5519. Defendants moved for summary judgment and attached to such motion, among other things, deeds to the property in controversy in defendants and a chain of title to such property going back to July 1908, at which time all of the property was deeded by Rowe and wife to J. E. Stevenson. (This suit originated in 1958.) Further attached to such motion is a certified copy of judgment of the District Court of Brazoria County in Cause 14817 dated 7 February 1920 in the cause of F. P. Stevenson vs. Imla Keep et al.

Plaintiffs answered defendants' motion for summary judgment. They attached to such answer certified copies of instruments showing title to the land in controversy to have come into Elizabeth Clarke Chace, formerly Elizabeth Clarke Page, in 1829; that she died thereafter intestate leaving two sons, Joseph William Page, and Samuel Harrison Page. It is shown that defendants' title is traceable to a deed whereby Joseph William Page deeded to John Sweeny "all my right, title and interest and claim in and to the property herein", and that nowhere did Samuel Harrison Page ever convey his one-half undivided interest in the property. Plaintiffs are the heirs of Samuel Harrison Page and contend that before defendants can assert a title by limitation to the property they must show notice of ouster or repudiation of the cotenancy relationship which they contend existed between Samuel Harrison Page and his heirs, and the grantees of Joseph William Page and their heirs and/or assigns. Plaintiffs contend that whether notice of repudiation of the cotenancy relationship was ever given is a fact question which cannot be resolved by summary judgment.

Plaintiffs then moved for summary judgment for themselves on the ground that defendants' answer and motion for summary judgment are insufficient as a matter of law.

The Trial Court overruled plaintiffs' motion for summary judgment and granted

defendants' motion for summary judgment and entered judgment that plaintiffs take nothing as against defendants as to the property in controversy. Plaintiffs appeal, contending:

1) The Trial Court erred in sustaining defendants' contention that limitation title had been matured by defendants as a matter of law, and that there are no issues of fact.

2) The Trial Court erred in sustaining defendants' motion that plaintiffs take nothing as to all of said tracts of land.

3) The Trial Court erred in sustaining defendants' motion that plaintiffs take nothing as to Lots Nos. 1, 4, 5, 6, 9, 11 and the NW 12 acres of Lot 2.

4) The Trial Court erred in sustaining defendants' motion that plaintiffs take nothing as to the surface and surface rights of all the lots.

Plaintiffs' appeal is bottomed on the contention that they are cotenants with defendants, and that for defendants to prevail there must be adverse possession *plus an actual or constructive notice* to plaintiffs that defendants are repudiating the cotenancy relationship.

The record before us reflects that Elizabeth Page Chace acquired the title to the upper one-eighth of the Keep League in 1829, and thereafter died intestate leaving as her sole and only survivors and heirs two children, viz.: Joseph William Page, and Samuel Harrison Page. Thereafter Joseph William Page conveyed all his right, title, and interest in said land to John Sweeny, Sr. Defendants claim the full title to all of the land concerned by virtue of various deeds out of John Sweeny, Sr. Plaintiffs claim to own an undivided interest in said land by virtue of being the sole and only heirs and assigns of heirs of Samuel Harrison Page. The conveyances into defendants, and indeed the conveyances out of John Sweeny, Sr., and all mesne conveyances for more than one hundred years, including those by which defendants claim title, purport to convey full title to the property described in each conveyance.

■ The foregoing conclusively establishes that the plaintiffs and defendants are not cotenants, but that their predecessors in title were at most joint owners. In such situation defendants do not have the burden placed on cotenants—(to bring a repudiation of the cotenancy home to the cotenant); they must merely claim under a deed purporting to convey the full fee-simple title to the property, record that deed, and go into possession of the property. Parr v. Ratisseau, Tex.Civ.App., 236 S.W.2d 503, NRE; Jones v. Siler, 129 Tex. 18, 100 S.W.2d 352, 353; Martinez v. Bruni, Tex.Com.App., 235 S.W. 549; Republic Production Co. v. Lee, 132 Tex. 254, 121 S.W.2d 973; Bradshaw v. Holmes, Tex.Civ.App., 246 S.W.2d 296, NRE.

The record before us reflects that defendants claim under deeds purporting to convey the full fee-simple title to the property described in each conveyance; that such deeds have been of record for some 50 years. It only remains, therefore, to examine whether defendants have established possession. Defendants in their motion for summary judgment and attached exhibits and affidavits have alleged and abundantly establish the required possession as a matter of fact. Exhibit 2 attached to defendants' motion reflects that tract 1 has a house, four barns, a house foundation, an oil well, flowlines, lease roads, fences and a pit thereon; that tract 12 has thereon two oil wells, flowlines, lease roads, a water well, and is completely fenced; that tract 3 has four houses, one barn, one oil well, flowlines, a lease road and a complete fence enclosure and several sub-enclosures thereon. The record further reflects that oil has been in production on the property for some twenty years under deeds and leases of defendants.

Plaintiffs have not by answer to motion for summary judgment or by affidavit in any manner denied or refuted the foregoing.

(Plaintiffs' answer to defendants' motion for summary judgment denied none of the foregoing, and simply asserted that plaintiffs and defendants are cotenants; and that fact questions exist which should be determined by a jury. The answer was not sworn to, and contained no affidavits attached thereto.)

■■ An affidavit in answer to a motion for summary judgment must set forth facts based on personal knowledge which refute the matters set up in the motion—if such affidavit is to prevent the granting of the motion and make for a factual issue which must be determined on the merits of the case. Mugrage v. Texas Employers Ins. Ass'n, Tex.Civ.App., 304 S.W.2d 189, W/E Dis.; Sparkman v. McWhirter, Tex. Civ.App., 263 S.W.2d 832, W/E Ref.; Gulf, C. & S. F. Ry. Co. v. McBride, Tex., 322 S.W.2d 492. In the case before us plaintiffs have not refuted the allegations in defendants' motion for summary judgment (exhibits and affidavits), by affidavits or otherwise. The summary judgment for defendants was properly granted.

Further to the foregoing, the 1920 judgment in Cause 14817, Stevenson v. Keep, is conclusively determinative of tract 1, in defendants' favor, independent of all other considerations.

It follows that all of plaintiffs' contentions are overruled and the judgment of the Trial Court is affirmed.