**Bill NELLUMS, Appellant,**

v.

**Merl A. HUEBNER et al., Appellees.**

**No. 7065.**

Court of Civil Appeals of Texas.

Amarillo.

May 22, 1961.

Ratliff & Ratliff, Haskell, for appellant.

Hamilton & Deaver, Memphis, for appellees.

NORTHCUTT, Justice.

This is a suit brought by Bill Nellums, hereinafter referred to as appellant, against Merl A. Huebner and George C. Guthrie, hereinafter referred to as appellees, seeking to foreclose a lien for labor and materials furnished by appellant to appellees. Appellant alleged that on February 13, 1960 he filed in the office of the County Clerk of Hall County, Texas his lien for labor and materials furnished to the appellees for use in constructing and erecting certain buildings in Hall County, Texas, on certain property which was described in appellant's petition. Appellant then alleged that he filed with his lien an itemized account of the labor and materials furnished appellees and that said lien was a statutory lien in favor of appellant to. secure the amount of $4,074.72 as set out in said itemized account. filed with said lien and that said lien was a valid and subsisting lien and was unsatisfied to the extent of $4,074.72, and then prayed that he have judgment of foreclosure of his lien on and against the land and premises there described and owned by appellees.

The appellees answered denying they or either of them, individually, entered into any contract, oral or written, for the labor and materials and equipment described in appellant's petition. Appellees alleged that Merl A. Huebner, for and on behalf of Commercial Construction Co. of San Antonio, Inc., a corporation, made a contract with appellant to do the labor and furnish the materials and equipment described in appellant's petition, and that appellant knew at said time of entering into said contract that he was contracting with said corporation and not with appellees, or either of them, and that appellant at no time, mentioned in his petition, furnished any labor or materials to the appellees for use in erecting any buildings or improvements on the land described in appellant's petition; but that any labor and materials furnished by appellant were furnished, not to appellees, but to Commercial Construction Co. of San Antonio, Inc., under an agreement with said corporation. Appellees further pleaded that no notice of intention to file the lien affiadvit for said labor and materials was served on or delivered to appellees ten days prior to the filing of said lien and at the time notice was delivered to appellees they had paid to their original contractor, Commercial Construction Co. of San Antonio, Inc., the full contract price for said contract and were then indebted to said original contractor in no amount or sum for said buildings and improvements mentioned in appellant's petition.

The appellees filed their motion for summary judgment and attached their affidavits to said motion confirming all things set out in their answer, and attached thereto a copy of the contract between them and the Commercial Construction Co. of San An-

tonio, Inc., in which said corporation contracted to furnish all of the materials and perform all work in constructing the buildings in question in accordance with the specifications.

 The appellant filed his affidavit opposing appellees' motion for summary judgment stating he had read his original petition and affidavit for lien and that the statements of accounts thereto attached and knew they were true and correct, and then referred the judge to the written deposition on file for evidence tending to show that his claim was in good faith and that there were material issues of fact raised by the pleadings and the evidence. Appellant in his affidavit does not contest appellees' motion for summary judgment at all as to appellant not having any contract with the appellees for labor and materials to be furnished for the building to be erected; that the contract for the erection of said improvements was made between appellees and Commercial Construction Co. of San Antonio, Inc.; that the appellant was a subcontractor as to labor and materials; that at the time notice of appellant's claim was served on appellees they were not indebted in any amount to the Commercial Construction Co. of San Antonio, Inc., and had paid in full the amount owing under the terms of said contract.

We are of the opinion the things mentioned in the appellees' affidavits for summary judgment were material herein and that it was incumbent upon appellant to contradict the same by his affidavit or show that he was not in a position to do so. This the appellant failed to do, and the court was justified in accepting the statements made in the appellees' affidavits and granting summary judgment. Rountree et al. v. Bridwell et al., Tex.Civ.App., 269 S.W.2d 824, writ refused N. R. E.; Page et al. v. Pan American Petroleum Corp. et al., Tex.Civ.App., 327 S.W.2d 469, writ refused N. R. E.; Mugrage et al. v. Texas Employers' Ins. Ass'n, Tex.Civ.App., 304 S.W.2d 189.

For the appellant to defeat appellees' motion for summary judgment, he should have denied under oath the sworn statements presented by appellees which were not true, and since appellant did not controvert in his counter affidavit the material statements contained in appellees' affidavits, the trial court was justified in accepting the appellees' sworn statements as true and acting accordingly. Palm v. La Mantia Bros. Arrigo Co., Tex.Civ.App., 287 S.W.2d 208, writ refused, N. R. E. The judgment of the trial court is affirmed.